UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON HILL,
    Plaintiff,
v.
DR. TYLER,[1] et al.,
    Defendants.

Case No. 20-cv-03156-YGR (PR)

**ORDER ADDRESSING PLAINTIFF'S PENDING MOTION; AND DIRECTING PLAINTIFF TO COMPLETE CIVIL RIGHTS COMPLAINT FORM AND NON-PRISONER APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

This case was opened as a civil rights action pursuant to 42 U.S.C. § 1983 on May 8, 2020 when Plaintiff, a civil detainee, filed a document entitled, "Criminal Complaint," in which he complained about conditions at Salinas Valley State Prison ("SVSP"). Dkt. 1. Thereafter, the Clerk of the Court notified Plaintiff that he had neither filed a complaint on the correct civil rights complaint form nor filed an application to proceed *in forma pauperis* ("IFP"). Dkts. 2, 3. The Clerk mailed to Plaintiff the Court's civil rights complaint and IFP application forms and told him that he must complete them within twenty-eight days or his action would be dismissed. *See id.*

In response, Plaintiff has filed a document entitled, "Motion to Correct Name and to Pursue Criminal Complaint." Dkt. 4. Initially, the Clerk had indicated on the Court's docket that Defendant Tyler's name was spelled "Dr. Tylek." Plaintiff states that the correct spelling of that Defendant's name is "Dr. Tyler." *Id.* at 1. The Court GRANTS Plaintiff's motion in part to correct the spelling of Defendant Tyler's name. Plaintiff also asks the Court to provide him with the "right form to file a federal criminal complaint [along] with [an] instruction manual." *Id.* at 2. However, to the extent that Plaintiff wishes to file criminal complaint, such a request is DENIED. Plaintiff cannot pursue such an action in this Court because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, Plaintiff's motion is DENIED in part as to his request to file a criminal complaint.

---

[1] The Clerk is directed to correct the spelling of the Defendant's name to "Dr. Tyler," as explained in this Order.

It seems, however, that in his initial filing, Plaintiff complains about conditions of confinement at SVSP, *see* dkt. 1, and such claims are more properly brought in a civil rights action pursuant to 42 U.S.C. § 1983.  Therefore, if Plaintiff wishes to pursue a section 1983 action, he shall file his claims on the correct civil rights complaint form, as directed below.

The Court notes that Plaintiff is not a "prisoner" subject to the provisions of the Prisoner Litigation Reform Act.  *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (to fall within the definition of "prisoner," the individual in question must be currently detained as a result of accusation, conviction, or sentence for a criminal offense).  Because Plaintiff is not a "prisoner," the provisions of section 1915—that require prisoners who seek to proceed IFP to submit a copy of transactions in their inmate account and provide that the full filing fee be paid in installments— do not apply to him.  However, non-prisoners are required by section 1915(a)(1) to provide an affidavit with sufficient information to allow the Court to make an accurate determination whether they are indigent and thus entitled to proceed IFP.  Therefore, Plaintiff shall file a non-prisoner application to proceed IFP, as directed below.  If, based upon the information provided by Plaintiff, he is granted leave to proceed IFP, the Court will proceed to review his completed complaint form (if he files one) under § 1915(e)(2).[2]  If the Court determines that Plaintiff is not entitled to IFP status, he will be required to pay the full filing fee or the action will be dismissed.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's "Motion to Correct Name and to Pursue Criminal Complaint" is GRANTED in part and DENIED in part.  Dkt. 4.  The Court GRANTS Plaintiff's motion in part to correct the spelling of Defendant Tyler's name, and DENIES Plaintiff's motion in part as to his request to file a criminal complaint.

2. If Plaintiff wishes to pursue a section 1983 action, he shall file his claims on the correct civil rights complaint form, and he shall also file a non-prisoner application to proceed IFP.  Plaintiff shall answer all questions in both the attached complaint and non-prisoner IFP

---

[2] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.

application forms as well as provide any requisite documentation.  He shall file his completed complaint and non-prisoner IFP application forms within **twenty-eight (28) days** of the date of this Order.  **The failure to do so will result in the dismissal of this action without prejudice.**

3. The Clerk is directed to send Plaintiff blank civil rights complaint and non-prisoner IFP application forms.

4. This Order terminates Docket No. 4.

IT IS SO ORDERED.

Dated: July 31, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge