UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. B. ATCHLEY,<br><br>　　　　Defendant. | Case No. 20-cv-03156-YGR (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; AND DENYING PLAINTIFF'S REQUEST FOR FEE WAIVER** |

## I.    INTRODUCTION

Plaintiff, a civil detainee who is currently in custody at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Thereafter, Plaintiff filed an amended complaint, which is the operative complaint in this action. Dkt. 9. Plaintiff has also filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order. Dkt. 6. Lastly, Plaintiff has filed a document entitled, "Mo[tion] to Adhere and to Investigate Plaintiff[']s History and Case File With the U.S. District Court [for the] Eastern District," in which Plaintiff requests the Court to contact the SVSP "Prison Trust Office to stop all illegal fi[]nancial transaction[s] dealing with [the instant action]." Dkt. 8. The Court construes his motion as a request for a fee waiver. *See id.*

Venue is proper because the events giving rise to the claim is alleged to have occurred as SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff seeks punitive damages. Dkt. 9 at 2.[1]

## II.    DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

**B.    Legal Claim**

Plaintiff's sole claim in the instant action is one of retaliation based on supervisorial liability against Defendant M. B. Atchley, who is SVSP's Acting Warden. Dkt. 9 at 2. However, Plaintiff has made only conclusory allegations, which do not amount to a cognizable claim of retaliation. To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Mulligan v.*

2

1  *Nichols*, 835 F.3d 983, 988 (9th Cir. 2016).  The right of access to the courts extends to the

2  exercise of established prison grievance procedures, *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.

3  1995), such that a prisoner may not be retaliated against for using such procedures.  *Rhodes v.*

4  *Robinson*, 408 F.3d 559, 567 (9th Cir. 2005); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

5  Here, Plaintiff states in a conclusory fashion that unnamed prison officials "were retaliatory by

6  either destroying Plaintiff['s] legal mail or by trashing [his] legal mail."  Dkt. 9 at 2.  Plaintiff

7  claims as follows:

8/9/10  > [He] filed several grievances regarding issues with legal mail on 9-28-20 . . . [which were] sent to CDCR Headquarters.  Plaintiff holds the Warden M. B. Atchley responsible for all supervisor[y] liability and all policy implementation and the management of peace officer misconduct . . . ."

11  *Id.* at 4.  However, Plaintiff has not alleged facts sufficient to support any of the aforementioned

12  elements of retaliation.  Plaintiff's conclusory allegations of wrongdoing are insufficient to state a

13  cognizable claim for relief.   Plaintiff must be more specific to allege that he engaged in

14  constitutionally-protected conduct, that certain named prison staff took adverse action against him

15  in retaliation for the protected conduct, and that Plaintiff suffered harm as a result of the

16  retaliation.  Plaintiff will be granted the opportunity to amend his retaliation claim in order to

17  bring forth a cognizable claim, if he is able to do so.  Furthermore, Plaintiff's claim cannot

18  proceed as pleaded because he has not directly linked Defendant Atchley to his allegations.  The

19  Court notes that Defendant Atchley is being sued by Plaintiff as a supervisory official, against

20  whom liability is alleged solely in this Defendant's respondent superior capacity, which is

21  improper.  *See Taylor*, 880 F.2d at 1045 (Under no circumstances is there respondeat superior

22  liability under section 1983.).

23  Accordingly, Plaintiff's amended complaint is DISMISSED with leave to amend in order

24  to correct the aforementioned deficiencies.  Rule 8(a) of the Federal Rules of Civil Procedure

25  requires that the complaint set forth "a short and plain statement of the claim showing that the

26  pleader is entitled to relief."  Additionally, Rule 8(e) requires that each averment of a pleading be

27  "simple, concise, and direct."  *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)

28  (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and

largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). However, under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). As explained above, a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman*, 942 F.2d at 1446. And, there is no respondeat superior liability under section 1983. *See Taylor*, 880 F.2d at 1045.

Finally, also before the Court is Plaintiff's motion entitled, "Mo[tion] to Adhere and to Investigate Plaintiff[']s History and Case File With the U.S. District Court Eastern District," which has been construed as a request for a fee waiver. Dkt. 8. The Court notes that 28 U.S.C. § 1915(b)(1) only authorizes the district court to waive prepayment of the filing fee, not the filing fee itself. *See* 28 U.S.C. § 1915(b)(1). Accordingly, Petitioner's request for a fee waiver is DENIED on the ground that the Court only has the authority to waive prepayment of the filing fee. (The Court will be granting Plaintiff's motion for leave to proceed *in forma pauperis* in a separate written Order, in which it has indicated that it will not collect any partial filing fee at this time.)

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is DISMISSED with leave to amend, as indicated above, within **twenty-eight (28) days** of the date this Order is filed. The second amended complaint must include the caption and civil case number used in this Order—Case No. 20-cv-03156 YGR (PR)—and the words "SECOND AMENDED COMPLAINT" on the first page. Because the second amended complaint completely replaces the prior pleadings, Plaintiff may not incorporate material from the prior pleadings by reference but must include in the second amended complaint

4

all the claims and allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). **Plaintiff's failure to file his second amended complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

3. The Court DENIES Plaintiff's motion entitled, "Mo[tion] to Adhere and to Investigate Plaintiff[']s History and Case File With the U.S. District Court [for the] Eastern District," which has been construed as a request for a fee waiver. Dkt. 8.

4. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

5. This Order terminates Docket No. 8.

IT IS SO ORDERED.

Dated: December 8, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge