| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

CYMEYON HILL,
    Plaintiff,

v.

M. B. ATCHLEY, et al.,
    Defendants.

Case No. 20-cv-03156-YGR (PR)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Plaintiff, a civil detainee who is currently in custody at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court reviewed the complaint and dismissed it with leave to amend to cure pleading deficiencies. Dkt. 11. Plaintiff then filed an amended complaint, in which he names SVSP Wardens M. B. Atchley and Lemon as well as SVSP Mailroom Supervisor Benavades. Dkt. 13. He seeks monetary damages. *Id.* at 4.

His amended complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Plaintiff alleges in his amended complaint that on an unknown date in the Fall of 2020, prison officials acted "malicious[ly] and retaliator[ily] by withholding" his "confidential legal mail from the Internal Revenue Service [('IRS')]." Dkt 13 at 1. Plaintiff further alleges that on October 10, 2020, he notified Defendant Atchley about the alleged withholding of his legal mail through the prison's grievance system and that Defendant Atchley "failed to act or remedy the mail tampering and retaliation." *Id.* Plaintiff claims that he later received the mail from the IRS on December 13, 2020. *Id.* Plaintiff claims that Defendant Benavades as the mailroom supervisor, "is responsible for overseeing all inmate mail." *Id.* Plaintiff further claims that Defendants Atchley and Lemon, who are both SVSP Wardens, "implement policy for mail distribution for prisoners and [are] the moving force behind mail policy." *Id.*

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Inmates enjoy a First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). However, a prison or jail may adopt regulations or practices that impinge on a prisoner's First Amendment rights, including rights regarding the mail, if those regulations are "'reasonably related to legitimate penological interests.'" *Id.* at 404 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Because "freedom from censorship is not equivalent to freedom from inspection or perusal," prison officials have the right to open and to inspect a prisoner's incoming and outgoing mail—even legal mail from attorneys to inmates or from inmates to attorneys. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974).

But the opening and inspecting of legal mail outside the presence of the prisoner may have an impermissible chilling effect on the constitutional right to petition the government. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (citing *Laird v. Tatum*, 408 U.S. 1, 11 (1972)). However, "an unconstitutional chill will only exist if the government action has injured the individual or places the individual in immediate danger of sustaining a direct injury." *O'Keefe*, 82 F.3d at 325 (citing *Laird*, 408 U.S. at 13). Moreover, isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990).

Here, Plaintiff alleges that Defendants withheld one piece of mail from the IRS. Dkt. 13 at 3. However, Plaintiff has failed to show that Defendants' alleged actions interfered with

2

Plaintiff's ability to petition the government. Because Plaintiff has shown no injury as a result of Defendants' alleged actions, they did not constitute an impermissible chilling effect on his right to meaningful access to the courts. *See O'Keefe*, 82 F.3d at 325. Furthermore, the withholding of one piece of Plaintiff's mail from the IRS (which was eventually delivered to him on December 13, 2020) without any allegations of improper motive, only amounts to an isolated incident of mail mishandling, which is insufficient to state a claim under section 1983. *Smith*, 899 F.2d at 944; *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir.) (isolated incident of mail mishandling insufficient to state a claim under section 1983), *cert. denied*, 418 U.S. 910 (1974). Therefore, Plaintiff's claim relating to the withholding of mail against Defendants is DISMISSED.

As for Plaintiff's claim of retaliation, he has made only conclusory allegations, which do not amount to a cognizable claim of retaliation. To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016). Here, Plaintiff states in a conclusory fashion that Defendants' actions of withholding mail from the IRS were "retaliatory." *See* Dkt. 13 at 3. However, Plaintiff has not alleged facts sufficient to support any of the aforementioned elements of retaliation. Plaintiff failed to allege that he engaged in constitutionally-protected conduct, that prison staff took adverse action against him in retaliation for the protected conduct, and that he suffered harm as a result of the retaliation. Therefore, Plaintiff's conclusory allegations of wrongdoing are insufficient to state a cognizable claim for relief, and his claim of retaliation is DISMISSED.

Accordingly, the amended complaint fails to state a claim upon which relief may be granted. No constitutional violation occurred on the facts alleged in the amended complaint. Further leave to amend will not be granted because it would be futile: the Court already explained the deficiencies in the original complaint and Plaintiff was unwilling or unable to cure them in his amended complaint.

3

## IV. CONCLUSION

This action is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk of the Court shall close the file and terminate any pending motions as moot, including Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP").[1]  Dkt. 12.

IT IS SO ORDERED.

Dated: July 9, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] The Court has already granted Plaintiff leave to proceed IFP. *See* Dkt. 10.